UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x

ASSISTANT DEPUTY
WARDENS/DEPUTY WARDENS
ASSOCIATION, for itself and on behalf
of its members; SIDNEY
SCHWARTZBAUM, as President of the
Assistant Deputy Wardens/Deputy
Wardens Association; PAMELA
WALTON, MERVIN O. BATSON,
BRENDA ROSS and WILLIAM DIAZ,
individually and on behalf of all similarly
situated members of the Assistant Deputy
Wardens/Deputy Wardens Association,

     Plaintiffs,

  -against-

THE CITY OF NEW YORK; THE
NEW YORK CITY DEPARTMENT OF
CORRECTION; MAYOR WILLIAM
DE BLASIO and NEW YORK CITY
DEPARTMENT OF CORRECTION
COMMISSIONER JOSEPH PONTE, in
their individual and official capacities,

     Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 14-cv-4308 (FB)(JO)

*Appearances:*
*For the Plaintiffs*:
PAUL S. LINZER, ESQ.
Certilman, Balin, Adler & Hyman, LLP
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554

*For the Defendants*:
ZACHARY W. CARTER, ESQ.
By: KERRIN A. BOWERS, ESQ.
Corporation Counsel of the
City of New York
100 Church Street, Room 2-139
New York, New York 10007

1

**BLOCK, Senior District Judge:**

The plaintiffs, Assistant Deputy Wardens/Deputy Wardens Association ("ADW/DWA"), Sidney Schwartzbaum, Pamela Walton, Mervin O. Batson, Brenda Ross, and William Diaz, allege that the defendants, the City of New York, the New York City Department of Correction ("DOC"), Mayor William De Blasio, and DOC Commissioner Joseph Ponte, violated their rights under the 1964 Civil Rights Act, Title VII ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). The defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, their motion is granted.

**I**

The following facts, which are taken from the parties' Rule 56.1 statements and supporting documentation, are undisputed unless otherwise noted. Where disputed, they are presented in the light most favorable to the plaintiffs. *See, e.g,. Federal Ins. Co. v. American Home Assurance Co.*, 639 F.3d 557, 566 (2d Cir. 2011). The Court will also "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor" of the plaintiffs. *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 45 (2d Cir. 2019).

In 1970, New York City Mayor John Lindsay issued Executive Order No. 26, which applies to all mayoral agencies. It places a one-year cap on compensation for

accumulated compensatory time for retiring or terminated City employees. The DOC promulgated a similar rule, Rule 3.10.160. Though the executive order seems to apply to all mayoral agencies, including the New York Police Department ("NYPD") and the New York City Fire Department ("FDNY"), those agencies have not promulgated similar rules and do not follow the executive order's cap. According to the plaintiffs, members of the ADW/DWA are predominantly minority and/or female, while similarly situated bargaining units in the NYPD and the FDNY are predominantly white and male.

On April 22, 2016, the Court granted in part and denied in part the defendants' motion to dismiss the complaint, rejecting the plaintiffs' argument that they were experiencing disparate treatment under Rule 3.10.160, but allowing their disparate impact claims to proceed. The plaintiffs now argue that Executive Order No. 26 disparately impacted them as compared to similarly situated NYPD and FDNY employees.

## II

A court may grant summary judgment only if "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a judgment for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**A. Prima Facie Title VII and NYSHRL Disparate Impact Case[1]**

To establish a prima facie case for disparate impact under Title VII, the plaintiff must: "(1) identify a specific employment practice or policy; (2) demonstrate that a disparity exists; and (3) establish a causal relationship between the two." *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 151 (2d Cir. 2012) (citation omitted), *cert. denied*, sub nom *Eng. v. Port Authority of N.Y. & N.J.*, 569 U.S. 904 (2013). However, the disparity must result from the neutral application of a policy, not from the discriminatory enforcement of a neutral policy. *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 572–73 (2d Cir. 2000) ("She further alleges, however, that this disparity is due to discriminatory enforcement of the no-assault policy . . . . Under these circumstances, she has established no basis for disparate impact liability."), *superseded by statute on other grounds by* New York City Local Civil Rights Restoration Act of 2005, N.Y.C. Admin. Code § 8-130.

Here, the plaintiffs have failed to establish that Executive Order No. 26 disparately impacted them.[2] Though Executive Order No. 26 applies, on its face, to FDNY and NYPD employees, it is not enforced against them. That is, if anything,

---

[1] The standard for disparate impact claims under Title VII also applies to disparate impact claims under the NYSHRL. *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 715 (2d Cir. 1996). Accordingly, the Court analyzes them together by examining Title VII case law.

[2] The plaintiffs do not argue that Rule 3.10.160 disparately impacts them, and they have waived that argument. *Hecht v. Barnhart*, 217 F. Supp. 2d 356, 362 (E.D.N.Y. 2002), *aff'd,* 68 F. App'x 244 (2d Cir. 2003).

discriminatory enforcement of a neutral policy and cannot support a disparate impact claim.

The outcome *might* be different here if Executive Order No. 26 granted discretion to mayoral agencies regarding whether to limit the payment that retiring or terminated employees can receive. *See Brown v. City of New York*, No. 16 CV 1106(NG) (RER), 2017 WL 1102677, at *5 n.6 (E.D.N.Y. Mar. 23, 2017) (citing *Watson v. Fort Worth Bank & Tr.*, 487 U.S. 977, 982, 990–91 (1988)) ("[T]he alleged policy is a broad grant of significant discretion to evaluating psychologists, which is precisely the sort of policy that can support a disparate impact claim under the well-established holding of *Watson*."). But the executive order clearly states that it shall apply to all City employees who are not paid under the Managerial Pay Plan or the Executive Pay Plan. Accordingly, the plaintiffs' disparate impact claims fail, and the defendants are entitled to summary judgment on those claims.

## B. Prima Facie NYCHRL Disparate Impact Case

Under the NYCHRL standard, a plaintiff must show "that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of [the NYCHRL]." N.Y.C. Admin. Code, § 8-107(17). It is construed more liberally than Title VII and the NYSHRL. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013).

discriminatory enforcement of a neutral policy and cannot support a disparate impact claim.

The outcome *might* be different here if Executive Order No. 26 granted discretion to mayoral agencies regarding whether to limit the payment that retiring or terminated employees can receive. *See Brown v. City of New York*, No. 16 CV 1106(NG) (RER), 2017 WL 1102677, at *5 n.6 (E.D.N.Y. Mar. 23, 2017) (citing *Watson v. Fort Worth Bank & Tr.*, 487 U.S. 977, 982, 990–91 (1988)) ("[T]he alleged policy is a broad grant of significant discretion to evaluating psychologists, which is precisely the sort of policy that can support a disparate impact claim under the well-established holding of *Watson*."). But the executive order clearly states that it shall apply to all City employees who are not paid under the Managerial Pay Plan or the Executive Pay Plan. Accordingly, the plaintiffs' disparate impact claims fail, and the defendants are entitled to summary judgment on those claims.

## B. Prima Facie NYCHRL Disparate Impact Case

Under the NYCHRL standard, a plaintiff must show "that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of [the NYCHRL]." N.Y.C. Admin. Code, § 8-107(17). It is construed more liberally than Title VII and the NYSHRL. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013).

Here, the plaintiffs' disparate impact claims under the NYCHRL fail for the same reasons that their Title VII and NYSHRL claims fail—the plaintiffs point to facts resembling discriminatory enforcement rather than disparate impact. The more NYCHRL lenient standard does not change that analysis. *See De La Fuente v. Sherry Netherland, Inc.*, No. 17 CIV. 4759 (PAE), 2018 WL 1597649, at *6 n.7 (S.D.N.Y. Mar. 27, 2018) (noting that a NYCHRL disparate impact claim would fail under *Cruz*, "notwithstanding the NYCHRL's more liberal construction").

### III

For the foregoing reasons, the Court grants the defendants' motion for summary judgment.

**IT IS SO ORDERED.**

                                              /S Frederic Block
                                              FREDERIC BLOCK
                                              Senior United States District Judge

August 26, 2019
Brooklyn, New York